# UNITED STATES DISTRICT COURT
## Eastern District of Michigan

UNITED STATES OF AMERICA
v.
**DELBERT LAPSLEY**
*Defendant*

**ORDER OF DETENTION PENDING TRIAL**

Case Number: 12-30676

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I—Findings of Fact

- ☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed - that is
  - ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  - ☐ an offense for which the maximum sentence is life imprisonment or death.
  - ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.
  - ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
- ☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- ☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
- ☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)
- ☐ (1) There is probable cause to believe that the defendant has committed an offense
  - ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____.
  - ☐ under 18 U.S.C. § 924(c).
- ☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)
- ☐ (1) There is a serious risk that the defendant will not appear.
- ☐ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

## Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by ☑ clear and convincing evidence ☑ a preponderance of the evidence that

## Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Date: 11/6/12

Signature of Judge

U.S. Magistrate Judge Mona K. Majzoub
*Name and Title of Judge*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 et seq.); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 et seq.); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

Delbert Lapsley Order of Detention

This is a presumption case and if convicted Defendant is facing a minimum of 10 years incarceration. Defendant is charged by way of indictment in the Southern District of West Virginia with two counts of Distribution of Oxymorphone (Opana), a Schedule II narcotic. Specifically on August 4, 2011 Defendant sold an undercover officer a quantity of Opana pills (20), at which time an additional 44 pills were recovered from his person, in addition to 118 Oxycodon pills. Defendant admitted to the arresting officer that he had been distributing pills in the Southern District of West Virginia for the past several months.

Defendant has no ties to West Virginia. He has a long criminal history which includes eight felony convictions, some as a Habitual Offender, six of which are theft crimes, and in addition he has three misdemeanor convictions. He has one 2009 failure to appear for which there is an outstanding active warrant. All of his convictions and criminal history have taken place in the Eastern District of Michigan.

Defendant is 48 years old and the father of seven children. He was gainfully employed as a contract worker for Comcast until a month ago. He has some health issues, and has been treated for a foot infection of unknown etiology, but diabetes is being ruled out by his treating physician.

Defendant admits to using marijuana regularly since the age of 18. He denies the use of any other narcotics.

Defendant has strong ties to this community and is very involved with his children, five of whom he sees on a daily basis. His wife appeared in court with him. He did have stable employment until one month ago. His only prior drug offense occurred in 2006 and was a misdemeanor, but before that his criminal history includes an armed robbery, auto theft, CCW, Felony Financial Transaction Device, Felony Check, and several traffic offenses. His more recent criminal record is comparatively benign. But this is a presumption case based upon the amount of drugs recovered, and his guideline range and his criminal history category (3 -4)are significant, and the presumption has not been rebutted. Pretrial Services has recommended detention, and this Court agrees that under the circumstances, defendant does pose a risk of flight and a danger to the community such that there is no condition or combination of conditions at this time which would assure his appearance in the Southern District of West Virginia or the safety of the community. Detention is therefore Ordered.